UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASHMATULLAH KHATIR, et al., | No.  1:26-cv-00094-TLN-SCR |
| Petitioners, | |
| v. | FINDINGS & RECOMMENDATIONS FOR IMMEDIATE RELEASE FROM DETENTION FACILITY |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioners Hashmatullah Khatir and Abdul Rahim Rasooli are federal immigration detainees proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.      Factual and Procedural History**

Petitioners are Afghan nationals who fled their home country "based on their connection to U.S. interests and ongoing Taliban violence" and lawfully entered the U.S. by obtaining an appointment through the CBP One parole program.  ECF No. 1 at 4.  They were released on their own recognizance by the Department of Homeland Security ("DHS").  ECF No. 1 at 2. According to petitioners, they complied with all conditions of their parole and appeared at all immigration court hearings.  Id.  Both petitioners were detained inside the immigration court building on June 24 and 25, 2025, respectively.  ECF No. 1 at 5.  Neither have been provided

1

with a reason for their detention nor any bond hearing or finding that they are a risk of danger or a flight risk.  ECF No. 1 at 4-5.  They have pending asylum cases and are not the subject of any final order of removal.  ECF No. 1 at 5.

Petitioners raise two claims for relief in their § 2241 application.  First, petitioners contend that the summary revocation of their parole without notice or a hearing violates the Due Process Clause as well as the Immigration and Nationality Act as applied to them.  ECF No. 1 at 8-10.  In their second claim for relief, petitioners submit that their prolonged detention for more than six months violates the Supreme Court decision in Zadvydas v. Davis, 533 U.S. 678, 692 (2001).  ECF No. 1 at 11-13.  By way of relief, petitioners request their immediate release, or, in the alternative, a bond hearing before an immigration judge within 7 days where the burden is on DHS to justify their continued detention by clear and convincing evidence of danger to the community or a flight risk.  Id. at 13.

On January 8, 2026, the Court served the § 2241 petition on respondents and required their answer to be filed within 14 days.  ECF No. 4.  Respondents have not filed an answer and the time to do so has expired.  Based on the lack of a response, the Court construes petitioners' request for relief as unopposed.  See 28 U.S.C. § 2243 (emphasizing that the "court shall summarily hear and determine the facts, and dispose of the mater as law and justice require.").

**II.     Legal Standards**

The Fifth Amendment guarantees that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  In Zadvydas, 533 U.S. 678, the Supreme Court read an implicit due process limitation into the immigration statute governing the removal of noncitizens who had already entered the United States and were subject to a final order of removal in order to avoid serious constitutional problems.  The High Court concluded that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.

**III.    Analysis**

The Constitution guarantees the availability of the writ of habeas corpus "to every

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Although petitioners acknowledge being detained pursuant to 8 U.S.C. § 1225(b) pending the completion of their immigration proceedings, they do not specify whether they fall under subsection (1) or subsection (2) of that statute. See ECF No. 1 at 11-12; see also Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) (describing the differences between the removal and detention statutes codified at 8 U.S.C. §§ 1225(b)(1) and 1225(b)(2)). Instead, petitioners assert that their continued detention without a hearing violates due process.

Absent any opposition from respondents, the undersigned agrees with other district courts in this circuit that have found that a noncitizen like petitioners, who were paroled into the United States, have a due process right to challenge their re-detention without a bond hearing. See, e.g. R.A.N.O v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Ramirez Tesara v. Wamsley, No. 2:25-CV-01723-MJP-TLF, 2025 WL 2637663 (W.D. Wash. Sept. 12, 2025); Francois v. Wamsely, No. 2:25-CV-2122-RSM-GJL, 2025 WL 3063251 (W.D. Wash. Nov. 3, 2025); Castillo v. Wofford, No. 1:25-CV-01586-JLT-HBK, 2025 WL 3466064, at *8 (E.D. Cal. Dec. 2, 2025) (finding past precedent concerning release of individuals detained as arriving noncitizens inapposite to a noncitizen who had been detained at the border and paroled pending removal proceedings); see also Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) (noting in case involving § 1225(b) and related statutes that "[a]rbitrary civil detention is not a feature of our American government," and expressing "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional").

"Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." Rico-Tapia v. Smith, No.

3

CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025)).  "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)) (modifications in original). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025).  Under Morrissey, 408 U.S. 471, 481 (1972), petitioners' release implied promises that they would not be re-detained, during the pendency of their immigration proceedings, if they abided by the terms of their parole.  There is no evidence before the Court that petitioners violated any condition of their release or have any criminal record.

As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, petitioners have clear interests in their continued freedom as they await the outcome of their immigration proceedings.  See e.g., Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest); B.D.S. v. Warden of Mesa Verde Detention Facility, No. 1:25-cv-02032-TLN-CSK, 2026 WL 82344 (Jan. 12, 2026) (emphasizing that 8 U.S.C. § 1225(b)(1) mandatory detention provision does not apply to situation where petitioner was paroled into the U.S. and remained on parole until being redetained).  The great weight of authority supports petitioners' request for relief.

Having found a protected liberty interest, the only remaining question is what process is due to petitioners.  Under the procedural due process test announced in Mathews v. Eldridge, 424 U.S. 319 (1976), the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

The first factor unquestionably tilts in petitioners favor. An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Second, the risk of erroneous deprivation is considerable given petitioners have not received any hearings, either pre- or post-detention. Thus, the undersigned finds there is a serious likelihood petitioners could be erroneously deprived of their liberty interests. Without any procedural safeguards to determine whether their detention was justifiable, the probative value of additional procedural safeguards is high. R.D.T.M., No. 1:25-cv-01141-KES-SKO (HC); 2025 WL 2617255, at *4; A.E. v. Andrews, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Finally, the government's interest is low, and the effort and cost required to provide petitioners with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017); see also R.D.T.M., 2025 WL 2617255, at *4 ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up). For all these reasons, the undersigned finds that petitioners' right to due process was violated and that they are entitled to relief under the Mathews factors.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioners' application for a writ of habeas corpus (ECF No. 1) be granted based on the lack of any opposition filed by respondents in this case, the weight of relevant authority, and the undisputed record before this Court.

2. Respondents be ORDERED TO IMMEDIATELY RELEASE Petitioners Hashmatullah Khatir and Abdul Rahim Rasooli from custody under the same conditions they were released prior to their current detention. Respondents shall not impose any additional

restrictions on them, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

3.   Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioners absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of the Petitioners' removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioners poses a danger to the community or a flight risk.  At any such hearing, the Petitioners shall be allowed to have counsel present.

4.  Petitioners' request for entry of default (ECF No. 5) be denied as unnecessary in light of the recommendation to grant the habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that respondents declined to even file an answer in this case.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6